# SUPREME COURT.

## FAIRCHILD agt. FAIRCHILD.

*Misdescription of real property — Purchaser relieved — Judicial sale.*

A purchaser at a judicial sale will be relieved from the completion of his purchase and his deposits will be restored, where it appears that the contract was one which he never intended to make, and which he entered into without any fault or negligence on his part.

Where it appears that the contract to purchase was made in the full belief upon the part of the purchaser, and that such belief was just and reasonable; that the lots fronted and cornered upon Ninth avenue and Two Hundred and Fifteenth street, when in fact the lots did not so front and corner, but the front or east line of said lots is 225 feet from Ninth avenue, as laid down upon the official map, and that the value of said lots is one-third less in consequence of their location with reference to Ninth avenue:

*Held,* that the purchaser should be relieved from the performance of his contract.

*At Chambers, August,* 1880.

MOTION by Bernard Tillman, a purchaser at a partition sale, to be relieved from the completion of his purchase and to have his deposits restored.

*Meyer S. Isaacs,* for purchaser.

*Edward C. James,* for plaintiff.

Fairchild agt. Fairchild.

POTTER, *J.* — Two or three grounds for the relief asked for are presented by the affidavits of the purchaser and his attorney. The first and principal ground is, that on the occasion of the sale, which was at public auction, the auctioneer represented, and a map was used showing, that all the lots purchased fronted on Ninth avenue, in the city of New York, and that one of them — to wit, lot No. 37 — was a corner lot, formed by the intersection of Two Hundred and Fifteenth street and Ninth avenue. The notice of sale mentioned these lots as four lots on the south-west corner of Ninth avenue and Two Hundred and Fifteenth street; and the lots are described in the judgment as lying upon the Ninth avenue; that he bid for said lots upon the belief that said lots so fronted and cornered; but that the fact is that these lots did not so front and corner, but the front or east line of said lots is 225 feet from Ninth avenue, as laid down upon the official map; and that the value of the lots is one-third less in consequence of their location with reference to Ninth avenue. It does not appear from the moving affidavits when the purchaser learned the lots did not front on Ninth avenue, nor that the said official map locating Ninth avenue had been made or changed since the purchase. There are no affidavits presented by the defendant. Doubtless one would have been presented showing the location by the city of Ninth avenue to have been made since the purchase, if such had been the fact. I think, therefore, it should be assumed upon this motion that Ninth avenue was located 221 feet from the site of these lots at the time of the sale. I am constrained to the conclusion that the contract to purchase was made in the full belief upon the part of the purchaser, and that such belief was just and reasonable, that the lots fronted and cornered upon Ninth avenue and Two Hundred and Fifteenth street. The conclusion is as plain as it is just that the purchaser should be relieved from the performance of a contract which he never intended to make, and which he entered into without any fault or negligence on his part.