Brundige, Adm'x *vs.* Morrison, *et al.*

(Decided 28th June, 1881.)

---

ROSETTA M. BRUNDIGE, Administratrix *vs.* ROBERT D. MORRISON, SAMUEL SNOWDEN, and others, Receivers.

*Regularity and propriety of order of Re-sale at Purchaser's risk—Propriety of Final order of Ratification of a Re-sale—Where party had no right to Complain, even if the Final order of Ratification were improvidently passed—Practice in Equity in case of Re-sale at the risk of the first Purchaser—Forfeiture.*

The furniture and other personal property in the Highland Park Hotel, was sold by the appellees to B. for $20,000, and the sale was ratified by the Circuit Court of Baltimore City. The purchaser after payment of five thousand dollars, and having made default in executing notes for the payment of the balance, died; and the appellant took out letters of administration upon his personal estate. She having failed to meet the payments, the Circuit Court on the petition of the appellees, passed an order requiring her to bring into Court the balance of the purchase money, by a day named, or show cause to the contrary. A copy of this order was served on T., the solicitor of record of the appellant, and no cause

Brundige, Adm'x *vs.* Morrison, *et al.*

having been shown by her, the time for showing cause, was on the 23rd of March, 1876, extended to the 17th of April of the same year. No cause having been shown, the Court passed an order on the 16th of May, 1876, for a re-sale of the property, for the payment of the purchase money, with interest, and costs, for one-third cash, and the balance in six, twelve, eighteen and twenty-four months after date, with interest thereon. On the same day the appellees reported a private sale of the property to S. for $12,000, and in their report stated the reasons inducing them to make the sale. The appellant's counsel was consulted by the appellees as to the propriety of the sale to S., and while he declined to enter into a written consent to the sale, he approved thereof, and stated that no objection would be made thereto. On the same day the sale was ratified without the usual publication of notice to parties to file exceptions. On the 1st of August, 1876, the appellant filed a petition, alleging among other things, that the order requiring her to pay the balance of the purchase money, or show cause to the contrary, had been served on T., then acting as her attorney, but that she did not comply with said order, because she was utterly without means to do so; that the order for the re-sale was passed without further notice to her, and that the report of sale was made, and the sale ratified immediately; and that the order of re-sale was in violation of her rights; she prayed that the sale to B. should be declared null and void, and the order of re-sale rescinded so far as it affected her, and that the appellees might be directed to pay her the five thousand dollars, cash payment of purchase money made by B. The appellees answered this petition; testimony was taken, and the Court being of opinion that the order of ratification of the sale to S. should not have been passed without the assent of, or notice to, the appellant, a day was given her to show cause why the order of ratification should be annulled. Subsequently she filed a paper stating that it was impossible for her to show any other or further cause why the sale should not have been made at her risk, or at the risk of the estate of B., than already shown. The Court thereupon passed an order dismissing the petition of the appellant. On appeal from this order, it was HELD:

1st. That as the petition and the order requiring the appellant to bring the balance of the purchase money into Court, was served upon her attorney, and no answer to said petition was filed, and no cause to the contrary shown, nor the money brought into Court as required by the Court's order, the subsequent order directing the furniture to be re-sold at the risk of the appellant, was regular and proper.

Brundige, Adm'x *vs.* Morrison, *et al.*

2nd. That as the report of sale was made under oath, the facts therein stated, must, in the absence of proof to the contrary, be taken as true; and assuming them to be true, and upon the assurance of the appellant's counsel to the appellees that no objection would be made, the Circuit Court did right in finally ratifying the sale.

3rd. That if the order of ratification were improvidently passed, the appellant could not rightly complain, as she had a day in Court to show cause for rescinding said order and setting aside the sale; and no attempt was made by her, or any one else, to show that the property had not sold for its full value on the re-sale, or that it would have sold for more, if it had been sold at public sale after full publication, or that there was any other party who would have been willing to pay a larger price; but relying upon the alleged want of notice of the sale, and that it had been ratified without notice to her, she acknowledged that she had no other cause to show why the order of ratification should be rescinded and the sale set aside.

Where a purchaser having paid the cash instalment, makes default in the payment of the balance of the purchase money, and the property is resold at his risk, he is to be charged with the whole purchase money, and costs of the re-sale, and credited with the payments he has made and the proceeds of the second sale. If the latter amounts be insufficient to pay the sum for which the property was first sold, the original purchaser is to be charged with the deficiency, but if it amount to more than the original purchase money, he is entitled to the surplus. The application of the cash paid as a credit upon the original purchase is, in no sense, a forfeiture, as the purchaser is entitled to any surplus which may remain.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*M. R. Walter,* and *Orlando F. Bump,* for the appellant.

Brundige, Adm'x *vs.* Morrison, *et al.*

*Samuel Snowden,* and *Robert D. Morrison,* for the appel-
lees.

GRASON, J., delivered the opinion of the Court.

It appears from the proceedings in this cause that the
furniture and other personal property in what is known
as the Highland Park Hotel, was sold by the appellees to
Charles H. Brundige, for the sum of twenty thousand
dollars, and that the sale was ratified by the Circuit Court
of Baltimore City. The purchaser having made default
in executing notes for the payment of the purchase money,
died, and the appellant took out letters of administration
upon his personal estate. She having failed to meet the
payments, a petition was filed in the Circuit Court pray-
ing the passage of an order for a re-sale of said personal
property ; and upon this petition an order was passed
requiring the appellant to bring into Court the balance
of the purchase money, five thousand dollars thereof hav-
ing been paid by Brundige during his life-time, by a day
named in the order, or to show cause to the contrary. A
copy of this order was served on Samuel H. Taggart, the
solicitor of record of the appellant, and no cause having
been shown by her, on the 23rd day of March, 1876, the
time for showing cause was extended to the 17th day of
April of the same year. No cause having been shown,
the Court passed an order dated 16th day of May, 1876,
directing the appellees to sell, at the risk of the appel-
lant, the furniture and other personal property in said
hotel, for the payment of the purchase money thereof
with interest and costs, in the manner directed by the
original orders in the case, for one-third cash, and the
balance in six, twelve, eighteen and twenty-four months
after date with interest thereon. On the same day the
appellees reported a sale of said property, at *private* sale
to Francis P. Stevens, for $12,000, and in their report
stated the reasons inducing them to make said sale, and

Brundige, Adm'x *vs.* Morrison, *et al.*

that the price obtained was a fair one. On the same day the sale was ratified, without the usual publication of notice to parties to file exceptions. On the first of August following, the appellant filed a petition alleging, among other things, that the order requiring her to pay the balance of the purchase money, or show cause to the contrary, had been served on Samuel H. Taggart, who was then acting as her attorney, but that she did not comply with said order, because she had no means whatever, and was utterly without means to do so ; that the order for the re-sale was passed without further notice to her, and that the report of sale was made and the sale ratified immediately, and that she had thereof no other notice than such as might arise constructively from the facts set forth in the petition, and that the order of sale was in violation of her rights, and prayed that the sale to Brundige might be declared null and void, and might be rescinded ; and that the order of the 16th day of May, 1876, might be rescinded so far as it affected her, and that the receivers might be directed to pay her the five thousand dollars, the amount of the cash payment made by Brundige on his purchase. An answer to this petition was filed by the appellees ; testimony was taken, and the Circuit Court was of opinion that the order of ratification of the sale to Francis P. Stevens, should not have been passed without the assent of, or notice to, the appellant, and a day was accordingly given her to show why the order of ratification should be annulled, and upon its being annulled, such relief granted her as equity might require.

The appellant afterwards filed a paper in the cause, stating that owing to the peculiar nature of the property, and that Francis P. Stevens, the purchaser, took immediate possession thereof, and that Charles H. Brundige never took possession of it, it was impossible for her to show any other or further cause, why the sale should not

have been made at her risk, or at the risk of his estate, than already shown.

Upon the filing of this paper, the Circuit Court passed an order dismissing her petition, and from said order this appeal was taken.

It appears from the record, that Samuel H. Taggart was counsel for the appellant, and that the petition and the order requiring the appellant to bring the balance of the purchase money into Court was served upon him, and as no answer to said petition was filed, no cause to the contrary shown, nor the money brought into Court, as required by the Court's order, the subsequent order of the Court directing the furniture, &c., to be re-sold at the appellant's risk, was regular and proper. But it was contended that, as no advertisement of the re-sale was made, as required by the Court's order, and as there was no publication of an order of ratification *nisi*, the rights of the appellant could not be affected by such sale and its ratification, and that they amounted to a rescission of the former sale to Brundige, and that the appellant thereby became entitled to have the cash payment of five thousand dollars, made by Brundige, refunded. The proof shows the appellant's counsel was consulted by the appellees, as to the propriety of a private sale to Stevens, and that while he declined to enter into a written consent to the sale to him, for the sum of twelve thousand dollars offered by Stevens, he approved of the private sale to him for the sum offered, and stated that no objection would be made to such sale. It was accordingly made and reported to the Court, the report stating the substance of the interview between the appellees and Mr. Taggart, as well as the reasons why in their judgment such sale would be most advantageous and beneficial to the estate, and the sale was ratified finally on the same day on which it was reported. The report of sale was made under oath, and the facts therein must, in the absence of proof to the contrary, be

taken as true, and assuming them to be true, and upon the assurance of the appellant's counsel to the appellees, that no objection would be made, we think the Circuit Court did right to finally ratify the sale. But even if such ratification was improvidently made, upon the filing of the appellant's petition, the Circuit Court gave her a day in Court, to show cause for rescinding the order of ratification, and setting aside the sale. No attempt was made by the appellant, or any one else, to show that the property had not sold for its full value at the second sale, or that it would have sold for more if it had been sold at public sale after full publication, as directed by the order of 16th May, 1876, or that there was any other party who would have been willing to pay a larger price. But the appellant stated in the paper filed, that she had no other cause to show why the order of ratification should be rescinded, and the sale set aside, other than what already appeared. In other words, she relied wholly upon the alleged want of notice of the sale, and that it had been ratified without notice to her. As we have before stated, we think it clear, in view of all the facts in this case, that she cannot complain of want of notice, and that she was in no respect injured by the final order of ratification on the 16th day of May, 1876.

But it was contended, that as there was no decree of forfeiture of the cash payment of five thousand dollars, made by Brundige, the first purchaser, the appellant is entitled to recover back that sum from the receivers, inasmuch as she had no notice that the re-sale was to be at her risk. We cannot perceive, under the peculiar circumstances of this case, what benefit the appellant could have derived from a notice of the re-sale, and that it would be at her risk, as she herself has shown, that she had no means whatever, with which either to pay the purchase money due, or to purchase the property at the re-sale. In this case, the Circuit Court has followed the uniform

equity practice in this State, in cases of re-sales at the risk of former purchasers. There has been no forfeiture of the cash payment made by Brundige. He is to be charged with the whole purchase money and costs of the re-sale, and credited with the payments he has made, and with the proceeds of the second sale. If the latter amounts are not sufficient to pay the sum for which the property was first sold, the purchaser is to be charged with the deficiency; but if they amount to more than the original purchase money, he is entitled to the surplus. The application of the cash paid as a credit upon his purchase is, in no sense a forfeiture, inasmuch as the purchaser is entitled to any surplus which may remain.

But it was contended, that as the appellees had derived benefits to themselves by requiring the purchaser of the personal property to open the Highland Park Hotel within a certain time, and to keep it open for a stipulated time, by which the other real estate might be more readily brought into market, the sale was void. It appears that the price agreed to be paid for the furniture, was its fair and reasonable value, and that while the keeping open the hotel, might result in bringing the other real estate more readily into the market, and thus incidentally be a. benefit to it, it does not appear to have formed any part of the consideration for the contract of sale. On the contrary, the purchaser stipulated as one of the conditions of the purchase, that he should obtain immediate possession of the hotel, which he had previously purchased, and the sale of which had not then been ratified, to which condition the appellees agreed, upon his compliance with the terms of sale. The appellees did not impose upon the purchaser, as a condition of the sale of the personal property, that he should open the hotel within a certain time and keep it open, but it was an inducement offered by him to the appellees, for an immediate delivery of possession of the hotel to him, with permission to him to repair

the hotel, and the roads leading to and from it. In fact, Stevens would not purchase the furniture, &c., unless the appellees would agree that he should have possession of the hotel immediately. The furniture was in the hotel, in which it was his intention to use it, and he could not, without trouble and expense, take possession of it, and remove it, and it was therefore to his interest and benefit to open the hotel and keep it open ; to make repairs and put the roads leading to and from it in good condition. If the remainder of the estate in the hands of the receivers, should derive incidentally benefits therefrom, and be brought more readily into market, we cannot perceive what cause of complaint is thereby given to the appellant.

But it has been objected in this Court, that the order of the Court below, required the appellant to bring the whole balance of the purchase money into Court, when, by the terms of the sale, only a part of it was then due. There would be some force in this objection, had the purchaser Brundige, or the appellant, complied with the terms of sale, by giving notes for the credit payments, endorsed to the satisfaction of the receivers. But this was never done ; and when the appellant was called upon by the order of the Court, to show cause, why she should not bring into Court, the balance of purchase money due, no notice was taken of it by the appellant, or her counsel, although notice of said order was duly served upon him, together with a copy of the petition on which it was passed.

Finding no error in the order appealed from, the same will be affirmed.

*Order affirmed.*

(Decided 29th June, 1881.)