CASE 30.—SEPARATE SUITS BY POLK PRYOR, AND BY THE CITIZENS' SAVINGS BANK AGAINST N. S. ALLISON, TRIED TOGETHER AND UNDER THE JUDGMENT CERTAIN LAND WAS SOLD AND PURCHASED BY A. L. BRAND.—January 12.

# Brand v. Pryor

Appeal from Graves Circuit Court.

R. J. BUGG, Circuit Judge.

From a judgment against Brand requiring him to pay the difference in his bid for the land at the first and last sale, he appeals.—Affirmed.

1. Vendor and Purchaser—Enforcement of Vendors' Liens—Sale of Land—Proceedings Against Delinquent Purchaser.—In the absence of authority from the court, the master commissioner is not authorized to enforce the liability for refusal of a purchaser of land, sold to enforce vendors' liens, to execute a bond for the amount of his bid, and in such a case the plaintiffs in the original action as the parties in interest, are entitled to proceed, either by amended petition or by rule.

2. Same—Enforcement of Vendor's Liens—Resale of Land—Reporting Bid of Insolvent Purchaser.—A master commissioner selling land to enforce vendors' liens has a right, in the exercise of a sound discretion, to resell it without reporting to the court the bid of an insolvent purchaser at a prior sale, who failed to execute a bond to secure his bid.

3. Same—Enforcement of Vendor's Liens—Sale of Land—Liability of Delinquent Purchaser.—Recourse against the successful bidder at a sale to enforce vendor's liens for the loss caused by his failure to give bond for the amount of the bid is not lost by the master commissioner's failure to report a subsequent sale to an insolvent bidder, and the court's failure to compel the latter to give a bond to secure his bid.

4. Same—Enforcement of Vendor's Liens—Sale of Land—Liability of Delinquent Purchaser.—A successful bidder at a sale to enforce vendors' liens, who failed to give bond to secure his bid, is not relieved from liability for the resulting loss

by the fact that following a resale to an insolvent bidder who proved delinquent, he again bought the property at a reduced price, at the third and last sale.

W. J. WEBB for appellant.

LEE & HESTER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The appellees Polk Pryor and Citizens' Savings Bank each had a note against N. S. Allison, secured by a vendor's lien upon real estate. They instituted separate actions below for personal judgments against Allison and the enforcement of their liens. The suits were consolidated, and a judgment rendered in behalf of appellees as prayed. As directed by the judgment, the master commissioner, following the proper advertisement, sold the real estate in satisfaction of the debts of appellees, at which sale the appellant, Brand, being the highest and best bidder, became the purchaser of the property, and it was knocked off to him at the price of $2,975. He refused, however, to execute bond, claiming that he had not bid as much as $2,975. The sale and the appellant Brand's refusal to make the bond was reported to the court by the master commissioner, and the report of sale confirmed. Thereupon appellees obtained a rule against appellant to show cause why he should not be required to execute bond for the amount at which the property was sold to him. Appellant filed a response to the rule which was adjudged insufficient, as the following order will show: "By agreement the material affirmative allegations contained in the reply to the response of A. L. Brand to the rule herein are controverted of

record. The trial of the motion to require said A. L. Brand to execute bond for the real estate sold herein coming on, and the court, being advised, sustained said motion and adjudged the response insufficient, and it is further adjudged by the court that said Brand shall execute bond for $2,975, the amount for which he bid off said land, and interest at the rate of 6 per cent per annum from the day of sale until paid, and, on his failure to execute said bond, then the master commissioner of this court shall sell said land again, and, if said land does not bring the above amount of $2,975, then said Brand shall pay the difference between the amount which said land brings at said second sale and said amount of $2,975, and it is further adjudged by the court that said Brand shall pay the costs incident to the rule issued and also the cost incident to the second sale should such sale be made.'' Appellant having failed to execute the bond required of him, the court at the succeeding term entered an order reciting that fact, and directing the master commissioner to resell the real estate described in the judgment. This he did, and one B. C. Seay bid off the same at the price of $2,975, but he, too, failed to execute the bond. Whereupon the master commissioner, without waiting to report the sale to the court at its next term, ignored and declared it of no effect, and proceeded to again advertise and sell the property, at which sale appellant again became the purchaser, but at the price of $2,500, which was $475 less than his bid at the first sale at which he was the purchaser. He executed bond for the $2,500, bid by him for the property at the last sale, and at the next term of the court the sale was reported to the court by the commissioner, and an order entered duly confirming it. After the confirmation of the last sale,

appellees filed in vacation an amended petition against the appellant Brand, in which they set forth the facts with respect to his two purchases of the land, averred his liability for the difference between the amounts for which the land sold at the two sales, and prayed judgment against him therefor. Summons was issued upon the amended petition and duly served upon appellant, and, in addition, appellees caused a rule to issue against him requiring him to show cause why he should not be compelled to pay the amount claimed by appellees in their amended petition. Appellant filed an answer to the amended petition, and also a response to the rule, in each of which he denied his liability for the amount sought to be recovered of him or any part thereof. Upon the trial of the issues raised on the amended petition and rule, the court rendered judgment against appellant for $475, the amount claimed by appellees as the difference between the amount for which appellant purchased the land at the last sale and what he had bid for it at the first sale, but deducted therefrom $74.35 rent which the appellee, Polk Pryor, received upon the land. Of that judgment appellant complains; hence this appeal.

Appellant's first complaint is that, if he can be held liable at all for the amount for which the circuit court gave judgment against him, the action or proceeding to enforce such liability should have been instituted and maintained by the master commissioner and not by appellees. The complaint is groundless. The court might by a proper order have authorized the master commissioner to institute the proceeding, but, in the absence of such authority, he could not do so. Appellees, however, as the parties in interest, clearly had the right to proceed in the matter either by amended petition or by rule. As a matter of precau-

tion, they availed themselves of both remedies, and no valid objection can be made to the court permitting them to proceed in the manner adopted by them.

The appellant further complains that appellee's recourse upon him for the amount sought to be recovered by them was lost by the failure of the master commissioner to report the sale made of the property to B. C. Seay, and the failure of the court to compel Seay by rule to execute a bond to secure his bid. We can find no reason for sustaining this contention. It is conceded by appellant that Seay is insolvent, and the master commissioner had the right in the exercise of a sound discretion to resell the land without reporting the bid of Seay to the court. An attempt to compel the execution of the bond by Seay would have resulted in unnecessary delay, and thereby postponed the appellees in the collection of their judgment. The right of a commissioner to proceed as was done in this case has been expressly recognized by this court in the following cases: Swofford, etc., v. Howard, Curator, etc., 50 S. W. 43, 20 Ky. Law Rep. 1793; Hughes v. Swope, 88 Ky. 254, 1 S. W. 394, 8 Ky. Law Rep. 256, 11 Ky. Law Rep. 783; Wilson v. Thorne & Co., 13 S. W. 365, 11 Ky. Law Rep. 945. There can be no question as to appellees' right to recover of appellant the difference in his bid at the first sale and that made at the final sale, and the amount of such difference, when added to the last bid, will still leave the entire amount realized upon appellee's judgment debts short of what is due thereon. Appellees were not estopped to proceed against appellant by reason of the bid by B. C. Seay. They were not required to proceed against Seay, who was and is admittedly insolvent, and thereby waive their right against appellant, Brand, who

was solvent, and against whom they had already taken legal steps.

It was held by this court in Shirley v. Shewmaker's Assignee, 63 S. W. 11, 23 Ky. Law Rep. 152, that where the purchaser at a judicial sale failed to execute the required bond, and the sale was confirmed by the court and resale ordered at which he again became the purchaser at a price less than at the first sale, he should be compelled to pay the difference and the costs of resale. In the instant case, although appellant failed to execute the bond, the sale was confirmed by the court, and he was ruled to execute the bond, and, having failed to do so, a resale was ordered. The fact that at the second sale the property was knocked down to an irresponsible bidder did not affect the right of the commissioner to again sell the property without reporting the second sale to the court, and the further fact that on the third and final sale the property was again purchased by appellant did not relieve him from liability to the appellees for the loss resulting from his failure to execute the required bond following the first sale at which he was the successful bidder. As on the final sale he acquired the property at a price $475 less than it would have cost him if he had in good faith executed the bond for his first bid, thereby causing appellees a loss of $475, he was properly chargeable with such loss.

In other words, the judgment of the lower court was in all respects correct. Wherefore it is affirmed.