(69 Misc. Rep. 229.)

WILLETTS v. WHITSON et al.

(Supreme Court, Special Term, Queens County. October 20, 1910.)

PARTITION (§ 104*)—SALE—RESALE—CONDITION.

The purchaser at partition sale will be relieved from his purchase, where it was distinctly stated at the sale, in behalf of the parties entitled to two-thirds of the purchase money, that they would take a purchase-money mortgage for 60 per cent. of the bid, and they afterwards refused to do so; but a new sale will be ordered, only on condition that the purchaser, who delayed in asking to be relieved, pay the costs of resale and one-third the interest for the time he so delayed.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 341–351, 375–395; Dec. Dig. § 104.*]

Action by Annette W. Willetts against Daniel Whitson and others. Heard on motion to compel the purchaser at partition sale to complete his purchase. Resale ordered on terms.

Wilson M. Powell, for plaintiff.
Wyckoff, Clarke & Frost, for purchaser.
James W. Treadwell, referee.

CRANE, J. In this action for the partition of property located in Queens county a sale was made by James W. Treadwell, Esq., the referee, on the 4th day of May, 1910, for the total sum of $174,754.96, 10 per cent. of the amount being paid on deposit. The plaintiff, Annette W. Willetts, and her brother, Daniel Whitson, each were entitled by the judgment of partition to one-third of the proceeds of the sale, and both were present when the sale took place. Through their attorney, Wilson M. Powell, and the auctioneer, Joseph P. Day, these parties offered to make to the purchaser a loan on the premises and take a

purchase-money mortgage for 60 per cent. of the purchase money, to bear interest at 5 per cent. per annum for three years, and to contain release clauses to be subsequently agreed upon.

The referee called the attention of the auctioneer to the fact that he did not make the offer, and had no authority to make it, and could not be bound by it. Under these circumstances and conditions Stuard Hirschman purchased the property for the amount above stated. On June 3, 1910, when the referee was ready to deliver the deed at the place of closing, the purchaser made certain objections to the title, and the matter was adjourned to July 1st. Before that day arrived, and on June 20, 1910, Daniel Whitson fell dead in the streets of Flushing, leaving the plaintiff and the infant defendant, William Wright Whitson, his only heirs at law and next of kin.

The written terms of sale signed by the purchaser made no mention of the purchase-money mortgage of 60 per cent. to be taken as part of the consideration; the said offer having been made by the plaintiff and Whitson as a personal undertaking on their part. The plaintiff now refuses to make such a mortgage, her brother having died, and it is claimed that the infant, William Wright Whitson, one of the heirs and next of kin of said Daniel Whitson, cannot and will not enter into any such arrangement. In view of these facts and circumstances, the referee has made this motion for an order compelling the purchaser to complete his purchase, by taking a deed to the premises and paying the balance of the price in cash. The purchaser has failed to move to set aside the sale, but now asks, in the affidavit which he submits in opposition to this motion, either that he be permitted to execute a mortgage for 60 per cent. of the purchase price, or else that a resale be ordered.

I cannot grant the purchaser's former request, but will the latter, and shall order a resale upon the terms hereafter mentioned. In Fisher v. Hersey, 78 N. Y. 388, the following is stated as the rule or power of the court under similar conditions:

"Courts of equity exercise a supervision of sales made under their decrees, which is not in all cases controlled by legal rules, but may be guided by considerations resting in discretion. They may set aside their own judicial sales, upon grounds insufficient to confer upon the objecting party an absolute legal right to a resale. They may relieve against mere mistakes, accidents, or hardships, or oppressive or unfair conduct of others, though such conduct may not amount to a violation of law; and where fraud is alleged they may order a resale upon facts casting such a degree of suspicion upon the fairness of the sale as to render it, in their judgment, expedient, under all the circumstances, to vacate it, though the alleged fraud may not be clearly established. In such cases the rights of third parties are duly regarded, and proper terms imposed."

See, also, Dunn v. Herbs, 56 Hun, 457, 10 N. Y. Supp. 34; Fairchild v. Fairchild, 59 How. Prac. 351.

A case very similar to the one here presented, in which relief was given, is Koop v. Burris, 95 Wis. 301, 70 N. W. 473. I do not think, in all fairness and justice, that the purchaser should be compelled to pay cash, when it was distinctly stated in behalf of the parties two-thirds interested in the proceeds of the sale that a purchase-money mortgage would be taken by them for 60 per cent. of the amount bid.

However, as the purchaser has waited until this motion was made without asking to be relieved of his purchase, certain terms should be imposed upon him if the property is to be resold. He should pay the costs of the resale and 2 per cent. interest on the purchase price from July 1, 1910, to October 1, 1910.

The objections made by the purchaser to the title are insufficient to cause a rejection thereof. The purchaser fails to show that Foster's brook, referred to in the deed of November 29, 1875, is the same water referred to as Mill creek; and, even if it be, the right thereby granted has never been exercised and is clearly abandoned. This objection does not seem to be seriously pressed. That the title runs to the middle of Kissena or Mill creek is beyond question, under the authorities of Van Winkle v. Van Winkle, 184 N. Y. 193, 77 N. E. 33, and Haberman v. Baker, 128 N. Y. 253, 28 N. E. 370, 13 L. R. A. 611.

A resale of this property is therefore ordered, provided the purchaser consents to the terms above imposed; and, if not, an order may be entered compelling him to take the deed and pay the balance due in cash.