## Oaks v. Oaks, et al.

(Decided November 13, 1923.)

Appeal from Logan Circuit Court.

Partition—Bidder Not Liable for Damages Before Confirmation.—
If sale in partition is not confirmed, the bid is not accepted and
the bidder is not bound, and no cause of action has arisen in favor
of those owning or claiming an interest in the land and against
the bidder.

S. R. CREWDSON and O. M. SMITH for appellant.

S. Y. TRIMBLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, L. M. Oaks, and B. B. Oaks owned jointly
a tract of 109¾ acres of land in Logan county in 1918.
In that year B. B. Oaks brought an action against L. M.
Oaks for a sale of the joint property and a division of the
proceeds. A sale was adjudged. Later B. B. Oaks died
intestate leaving the appellees, K. G. Oaks, et al., as his
only heirs. At a sale of the land one of the appellees bid
$6,630.00 for it and the property was knocked off to her.
She did not execute the sale bonds, and a short time there-
after entered into an arrangement with appellant where-
by appellant, who had bid $5,600.00 for the land at the
sale, should take the same at his bid; thereupon the mas-
ter commissioner reported the sale to appellant, L. M.
Oaks, instead of to the other bidder. This report of sale
was confirmed without objection or exception from ap-
pellant and the land conveyed to him.

This action was commenced by appellant in the Logan
circuit court to recover of the heirs of B. B. Oaks the
sum of $515.00, being one-half of the difference between
the price which appellant bid, $5,600.00, and the price bid
by one of appellees, $6,630.00, it being averred that ap-
pellant had lost $515.00 on account of the failure of ap-
pellees to execute the sale bonds and to take the property
at their bid. Appellant seeks to invoke the rule approved
in Shirley v. Shoemaker, 23 R. 452, where it was held that
where the purchaser at a judicial sale failed to execute
the required bond, and the sale was confirmed by the
court and resale ordered, at which he again became the
purchaser at a price less than at the first sale, he should

be compelled to pay the difference and the costs of resale. See also Brand v. Pryor, 131 Ky. 276. It is not averred, however, that the master commissioner reported the sale to the appellees, or either of them, at $6,630.00, but the substance and effect of the appellant's pleading, as we read it, is that the master commissioner, at the instance of appellant as well as of appellees, reported the sale of the land to appellant at $5.600.00 and did not report it as sold to appellees at $6,630.00. It is shown that the report of sale to appellant for $5,600.00 was confirmed without objection or exceptions from him. A demurrer was filed to the petition but before it was acted upon by the court an amended petition was filed containing in substance the same averments as the original. Upon hearing the court sustained the general demurrer, and upon appellant's declination to further plead, his petition as amended was dismissed, and he prosecutes this appeal.

The general rule is in accord with that adhered to by this court and does not allow a recovery of damages from a bidder at a public sale of land whose bid is not shown to have been accepted and reported by the master to the court and confirmed by the court. It is said that a bidder at a decretal sale is not a purchaser until the master commissioner reports the sale to the court and the court confirms it. The action of the court is the acceptance of the bid. If the sale is not confirmed the bid is not accepted and the bidder is not bound. Up to that time it is not certain that the purchaser will get the property at his bid, and no cause of action has arisen in favor of those owning or claiming an interest in the land and against the bidder.

In the case of Blakeley's Admr. v. Hughes, 140 Ky. 175, we, in considering a similar state of facts, said:

"The second sale realized less than the first. The second sale was reported and approved and confirmed without exceptions. A rule was subsequently issued against the successful bidder at the first, to show cause why he should not make up the loss. The court held that he was not liable because the plaintiff, the only party complaining, 'had allowed, without objection, the last sale to be confirmed, thus investing the purchaser with a complete title, and making it impossible for appellee (the first purchaser) to obtain the land.' "

In concluding that opinion we added: "If the second sale results in fetching a less price than the first, the pur-

chaser in the first may be proceeded against by rule at the instance of the parties in interest to make up the loss; but that if the second sale be ordered and made, and be approved by the court, before confirming the first sale, and before giving the purchaser thereat an opportunity upon confirmation to take the property at his bid, the first bidder is thereby released from all liability on his bid.''

Inasmuch as the sale to appellees was not reported by the master to the court and was not, therefore, confirmed or confirmable, it is manifest that appellees were not bound on their bid, especially when it is considered that appellant filed no exceptions to the report of the commissioner showing appellant to be the highest and best bidder, and stood by and allowed the sale to him to be confirmed. He is not entitled under the facts of this case to a recovery. His petition as amended did not state facts sufficient to support a judgment in his favor. The demurrer was, therefore, properly sustained.

Judgment affirmed.