ECKHARDT v. DOMPIER.

1. PARTITION—COURT MAY ORDER RESALE—LIABILITY FOR DEFICIENCY—DISCRETION OF COURT.
   In partition proceedings, court has power to order resale of premises, and may, in view of the circumstances, order resale without risk to purchasers at first sale to respond to possible deficiency.

2. Same—Deficiency.

Where defendants in partition proceedings asked the court to declare first sale null and void, and represented that they had purchaser willing and ready to buy property at same price, but on resale lower price was bid, they are in no position to ask court to exact liability for deficiency from first purchasers.

3. Same—Deficiency—Discretion of Court.

Although excuse given by bidders at partition sale that their inability to pay was. occasioned by failure of other parties to proceedings to keep their promise to loan money for said purpose is insufficient in point of absolute legal right, it could operate in guidance of judicial discretion in determining whether liability for deficiency on resale be exacted.

4. Same—No Acceptance Until Bid Confirmed by Court.

Until there is confirmation of reported sale in partition proceedings, there is no acceptance of the bid by the court.

5. Same—Order Nisi Entered by Clerk is Void.

Order *nisi* entered by clerk of court confirming sale in partition proceedings unless cause to contrary should be shown within eight days was void under 3 Comp. Laws 1915, § 13309, requiring·report of sale to be approved and confirmed by the court.

6. Same—Partition Proceedings Statutory.

Partition proceedings in this State are statutory.

7. Same—Deficiency—Resale Without Risk to Bidders Whose Bid Was Not Accepted.

Where bid of purchasers at sale in partition proceedings was not accepted by the court, ordering resale without acceptance did not impose risk upon them to respond to possible deficiency, since bid must be accepted by court in order to bring obligation of performance to bidder and resale at his risk.

Appeal from Wayne; Browne (Clarence M.), J., presiding. Submitted January 8, 1930. (Docket No. 32, Calendar No. 34,701.) Decided March 7, 1930.

Partition proceedings by Mary Eckhardt and others against Theodore C. Dompier and another.

From an order denying defendants' petition for deficiency decree on resale, they appeal. Affirmed.

*Thomas W. Thompson,* for plaintiffs.

*Walter Schweikart* and *Julien Winterhalter,* for defendants.

WIEST, C. J. This is an appeal from a decree in a partition suit refusing to hold purchasers at a sale liable for deficiency upon a resale ordered by the court.

The seven Dompier brothers and their sister, Mary Eckhardt, owned, as tenants in common, certain premises in the city of Detroit. The bill herein was filed for partition. The premises, not offering division, were decreed to be sold by a circuit court commissioner. At the sale the premises were struck off to the sister, two of the brothers, James A. and Alfred L. Dompier, and the wife of Alfred L., at $8,600. The decree so permitting, the purchasers executed a mortgage to the commissioner for $4,300, and also paid him $1,000, and agreed to pay the balance. The commissioner reported the sale and paid the $1,000 into court. Upon application of the purchasers the court made an order of distribution. At that time the purchasers had not paid the balance, and there had been no acceptance of the bid by court confirmation, and the order of distribution was premature. Later, defendant Theodore C. Dompier, by affidavit, informed the court that the balance had not been paid by the purchasers, alleged their inability to pay, stated that he had a purchaser willing and ready to buy the property at the price bid at the sale, but a quick sale could not be made "unless the sale by the commissioner be declared null and void." The court ordered a resale and directed that the

$1,000 in court be held until further order. Upon resale the premises were struck off to William A. Gagnier for $5,150, and, upon report, the sale was confirmed. Thereupon defendants petitioned the court for an order applying the $1,000 in court upon the deficiency and requiring the purchasers at the first sale to pay $2,500 in addition thereto to make good the difference between their bid and the sum the property brought upon resale. In answer to the petition the purchasers at the first sale admitted their inability to pay, and set up as their reason that they became purchasers only after an assurance on the part of John Dompier, Joseph Dompier, William Dompier, and Frank Dompier, that they would loan the purchasers the amount of money represented by their respective shares in the distribution of the avails of the sale, but, after the sale, they refused to do so. After listening to testimony the circuit judge charged the purchasers at the first sale with $76.95, expenses of sale, and a fee of $50 to the attorney for defendants, and otherwise denied the petition. Defendants appealed, and insist that, under power vested in the court and the circumstances disclosed, the court should have held the purchasers at the first sale liable for the deficiency.

Power of the court to order a resale is unquestioned. Resale, so ordered, may be at the risk of the bidders at the first sale. The question presented by this record is whether, upon the proceedings had, the bidders at the first sale must be held liable for the deficiency. The court may, in view of circumstances, order resale without risk to the purchasers at the first sale. Defendants are in no position to ask the court to exact liability for the deficiency, for they asked the court to declare the first sale null and void, and represented that they had a purchaser

willing and ready to buy the property at the same price.

The excuse, given by the bidders at the first sale, even though insufficient in point of absolute legal right, could operate in guidance of judicial discretion. On this subject, see *Willetts* v. *Whitson,* 125 N. Y. Supp. 135; *Fisher* v. *Hersey,* 78 N. Y. 387.

Defendants cite *Hutton* v. *Williams,* 35 Ala. 503 (76 Am. Dec. 297), where it was held, quoting from the syllabus:

"When lands are sold, for partition among the owners, by commissioners appointed by the probate court, it is an implied condition of the sale, that if the purchaser fails to complete the sale, the lands may be resold on his account; consequently, on his failure to complete the sale, he becomes liable for the difference between the amount of his bid and the price brought at a subsequent resale, as for stipulated damages."

In this State, until there is confirmation of a reported sale, there is no acceptance of the bid by the court.

The record shows entry of an order *nisi* by the clerk of the court confirming the sale, unless cause to the contrary should be shown within eight days. This order was void. The statute, 3 Comp. Laws 1915, § 13309, requires the report of sale to be approved and confirmed by the *court.* Partition proceedings in this State are statutory. *Francis* v. *Ford Motor Co.,* 243 Mich. 117. We find no acceptance by the court of the bid at the first sale. Without acceptance of the bid, the ordering of a resale did not impose risk upon the bidders to respond to a possible deficiency. When such risk attaches, the counter-right of taking any surplus goes along with it. *Brundige* v. *Morrison,* 56 Md. 407; *Hurt* v. *Jones,* 75

Va. 341. Had there been a surplus instead of a deficiency, then, clearly under this record, the purchasers at the first sale could not lay claim thereto. The reason for a resale at the risk of a bidder is that acceptance of his bid by confirmation obligates him to perform, and, if he fails to do so, then the court, by virtue of the purchaser's obligation to perform, may order a resale at such purchaser's risk, charging him with deficiency, if it happens, and let him take surplus, if produced. Such action by the court is occasioned by nonperformance of the approved bid and in enforcement of liability, and therefore is not a penalty; but the bid must be accepted by the court in order to bring the obligation of performance to the bidder and resale at his risk. See *Oaks* v. *Oaks,* 200 Ky. 820 (255 S. W. 832); *Sarpisian* v. *Mardirosian,* 239 Ill. App. 487.

The decree appealed from is affirmed, with costs.

BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.