## McCabe v. Heirs of Hunter.

1. In proceedings at law in partition, the plaintiff or petitioner must show in himself a legal title to the premises sought to be divided.
2. A freehold estate cannot be conveyed but by deed.

Error to the Circuit Court of Washington county.

*Opinion of the Court, delivered by Scott, Judge.*

This was a proceeding in partition by McCabe against the heirs of M. Hunter. Two pleas were entered to the action: First, that there had been a partition of the premises be-

tween Andrew Hunter from whom the heirs derived title by inheritance, and Rhodes Fisher, under whom the plaintiff, McCabe, claimed. Secondly, that they did not hold the land together with the plaintiff. On the trial, Hunter's heirs obtained a verdict and judgment, to reverse which this writ of error is prosecuted.

The plaintiff to show title in himself, offered in evidence an instrument of writing excuted by Rhodes Fisher, purporting to convey to him all Fisher's interest in the land sought to be divided. The instrument was unsealed.

*In proceedings at law in partition, the plaintiff or petitioner must show in himself a legal title to the premises sought to be divided.*

In proceedings at law in partition, the plaintiff or petitioner must show in himself a legal title as contradistinguished from an equitable one: otherwise he must fail. It will be necessary, then, to enquire whether the instrument offered in evidence did convey to the plaintiff such a legal title as would support his proceedings, or in other words, whether an estate in fee can be conveyed otherwise than by deed; that is to say, whether a seal is essential to such conveyance.

*A freehold estate cannot be conveyed but by deed.*

Upon the introduction of the Norman customs in England, lands were transferred by livery of seisin alone, which was in imitation of the ancient feudal investiture. Sometimes this mode of alienation was evidenced by deed which served to ascertain more accurately the nature and terms of the transfer. Afterwards as wealth and commerce increased, and as the manners and habits of the people became more refined, the alienation of land became more intricate, and it was invariably evidenced by writing. Notwithstanding, however, before the enactment of the statute of frauds and perjuries, land might have been transferred by parol contract only, provided it was accompanied by a solemn and public delivery of the possession. (Cruise's Digest.)

The statutes of Uses, 27th Henry VIII., gave rise to the deed of bargain and sale. This mode of conveyance which prevails here, is equivalent to the deed of feoffment with livery of seisin.

By the common law, estates, less than a freehold, might be created or assigned either by deed, by writing, without seal, or by parol only. The statute of 29th Charles II.,

known as the statute of frauds and perjuries altered the common law, and required all interests in land except leases not exceeding in duration three years to be conveyed by deed or note in writing.

The construction put upon this statute is, that the common law distinction between freehold estates and estates less than freehold still subsists, and that a deed is necessary to convey a freehold interest in lands. Fry v. Phillips, 5 Burrow, 2827.

It has been argued, that there is nothing in our statute concerning conveyances, which requires an instrument conveying lands to be sealed. The statute uses the word "conveyance," to designate all instruments conveying lands from one to another. Blackstone says, deeds, which serve to convey the property of lands and tenements from man to man are commonly denominated conveyances. 2 Blackstone 309. We have seen that in England the word conveyance carries with it the idea of a sealed instrument. This word is used by our legislature in the sense in which it is understood in England. This seems apparent from the 26th section of the act relative to conveyances, which declares that no covenant expressed or implied in any conveyance, shall bind a married woman, &c. A covenant cannot be created but by deed. The legislature, then must have had in mind the idea of a sealed instrument, when the word "conveyance" is used. This view of the subject is perhaps strengthened by the seventh section of the same act.

The principles here stated relative to the alienation of freehold estates, cannot be considered as having existence in this State prior to the introduction of the common law, an event which took place in the year 1816.

As this point is decisive of the cause, we do not feel called upon to determine the question of variance arising upon the replication of *nul tiel* record to the plea of a former partition. If a variance does exist, there are cases in which it may be obviated by an averment of identity, We will not undertake to determine whether such an averment can be made in this case. 3 Starkie, 1606.

Judgment affirmed.