## Harvey P. Platt v. John Stewart and another.

In a suit involving the title to lands, which are claimed by one party under partition proceedings in Chancery in which a sale was decreed and made, it *is* incumbent on the party setting up these proceedings to give in evidence the whole enrolled record, or at least all those parts of the record which have a bearing upon the question whether the proceedings, as a whole, divested the title of the former owners.

The jurisdiction of Courts of Chancery over proceedings in partition, at least as to non-resident defendants, is special and limited, and dependent entirely upon the statute. All the necessary facts to confer jurisdiction must therefore affirmatively appear upon the record.

An affidavit of non-residence is an essential pre-requisite to an order for the appearance of non-resident defendants in partition cases; and without such affidavit the order is void, and the Court acquires no jurisdiction of the non-resident parties by its publication.

The recital of an affidavit in the order is not evidence that such an affidavit was made.

*Heard April 15th and 16th. Decided May 30th.*

PLATT v. STEWART.

Error to Shiawassee Circuit.

*McCurdy & Raynale*, and *C. I. Walker*, for plaintiff in error.

*Goulds & Hanchett*, for defendants in error.

CHRISTIANCY J.:

Plaintiff in error brought an action of ejectment in the Circuit Court for the county of Shiawassee, against defendants in error, for the recovery of the undivided one-fourth of certain lands situate in that county; and having shown on the trial a *prima facie* title, derived through a deed from Daniel Ball and wife to Jonathan Child, dated June 17th, 1839, and from Child to Henry J. Whitehouse, dated June 15th, 1842, and from Whitehouse to himself, dated February 21st, 1858, rested his case.

The defendants sought to defeat the plaintiff's title, and to show title in themselves, by a partition of the premises under a bill filed January 21st, 1851, in the Circuit Court in Chancery, for that county, by Charles L. Goodhue against Jonathan Child, Henry J. Whitehouse and others; by a sale of the whole of the premises (one-fourth of which was claimed by the plaintiff in ejectment) made in the partition suit, to Orville S. Goodhue and Mary A. Thomas, August 16th, 1851, and a deed from said purchasers to the defendants. The partition suit had been finally terminated, the decree signed, the sale confirmed, and the record completed by enrollment.

Child and Whitehouse, through whom the plaintiff in ejectment claimed, were non-residents of the State when the partition suit was instituted, and for aught that appears still continue so; neither of them was served with process, nor had any notice of the suit except such constructive notice as was given by the publication of the order for appearance, which will be presently noticed, and neither of them ever appeared in the suit.

PLATT *v.* STEWART.

The only way in which the suit in partition and the sale under the decree could avail the defendants in the ejectment suit, was by divesting the title of Whitehouse, the plaintiff's grantor. To give the proceedings this effect, it was necessary to show, not only the fact that proceedings had been had with that object, in a court having jurisdiction of the subject matter, but it must also appear that the proper steps had been taken to obtain jurisdiction of the person of Whitehouse, one of the non-resident defendants. The defendants claimed through the proceedings, and it was for them to put in evidence, if not absolutely every paper in the enrolled record, at least all which had any bearing upon the question whether the proceedings, as a whole, had divested the title of Whitehouse; for the question was not simply upon the independent effect of each separate paper constituting the record, but upon the joint effect of all taken together. The effect of one paper, or part of the record, might modify that of another; the defendants could not select such as might operate in their favor and throw upon the plaintiff the proof of those parts which might operate against them; the latter as well as the former must be treated as a necessary part of the defendants' evidence. It was not for the plaintiff to show the invalidity of the proceedings, but for the defendants to show their validity by the introduction of every part of the record having a bearing upon the question.

The defendants, however, instead of offering the whole record of the proceedings in the suit, offered, first, the bill separately. To this the counsel for the plaintiff objected, on the ground that it formed but a part of the entire record, and was not admissible without the rest of the record; this objection was overruled, and the bill read. Defendants then offered in evidence separately and successively certain subsequent proceedings in the cause; the order for the appearance of Child and Whitehouse, nonresident defendants, made by the Injunction Master, January

PLATT v. STEWART.

27th 1851; the affidavit of its publication; the order *pro confesso* as to Child and Whitehouse, and several subsequent proceedings, including the final decree and sale, and order confirming the sale, and other proceedings not necessary here to be specified. To many of these, besides the general objection already noticed, the counsel for the plaintiff objected on specific grounds, and especially on the ground that the Circuit Court in Chancery had acquired no jurisdiction of Child and Whitehouse. All, however, were admitted under exception.

It does not appear that the whole record was offered at any time, nor even all those parts of the record which related to Child and Whitehouse, or which might affect their interests. No affidavit, upon which alone the order for the appearance of Child and Whitehouse could be made, was read or offered, nor does it appear whether such affidavit was among the enrolled papers which constituted the record. The only intimation that such an affidavit ever existed is the recital of the fact in the order for appearance and publication granted by the Master, which purports to have been based upon such an affidavit.

The statute under which the proceedings were had, *Rev. Stat. of* 1846, *p.* 497, § 11; *Comp. L.* § 4626, provides, "If any parties having an interest in such lands are unknown, or if either of the known parties reside out of this State, or can not be found therein, and such facts be made to appear to the Court by affidavit, an order may be made by the Court, containing a sufficient description of the premises, &c., and requiring all persons interested to appear and answer the bill by a day in such order to be specified; which order shall be personally served, or shall be published," &c.

Without at present expressing any opinion as to the power of the Injunction Master to grant the order, or the sufficiency of the description of the premises, we will first dispose of the question in respect to the affidavit.

PLATT v. STEWART.

It is manifest from the statute above cited, that this affidavit is an indispensable pre-requisite, and the sole foundation of the jurisdiction to make the order, whether made by the Court in term or by the Injunction Master, if the latter was competent to grant it at all, under the statutes and rules of Court then in force and since repealed. Without the affidavit no order could be made, and without the order the Court could have acquired no jurisdiction as to Whitehouse or Child, and all the proceedings as to them must be void. We think therefore this affidavit constitutes an essential part of the record, quite as essential as the order founded upon it, and if any was in fact made, we must, till the contrary appears, presume that it was made a part of the record; and it should therefore have been introduced by the defendants, that the Court might see whether it complied with the statute. I say nothing here upon the subject of accounting for its absence or proving it otherwise than by the record, as no such question arises here.

Under this statute the rights of parties residing out of the State may be affected, and their title to real estate to any amount may be divested, without any actual notice that a suit has ever been instituted. The power thus to affect their rights depends entirely upon the statute. The statute can not therefore be enlarged by any equity of construction as against them, but upon every principle should be strictly construed; it must be held to prohibit the exercise of the jurisdiction until the preliminary steps required by the statute have been taken:— *Gallatin v. Cunningham,* 8 *Cow.* 370, *per Woodworth J.* Courts are bound by the dictates of natural justice carefully to scrutinize every step of the proceedings, to enforce a strict compliance with all the statute requirements, that absent parties may not be deprived of those safeguards which the statute has provided for the protection of their rights. Without this vigilance on the part of Courts, the statute

which was intended for the advancement of justice, may be made a most efficient instrument of fraud.

These proceedings in partition, at least as to non-resident defendants, do not come within the general or ordinary jurisdiction of Courts of Chancery, but the jurisdiction as to such proceedings is special and limited, and entirely dependent upon the statute. The Circuit Courts in Chancery, though in ordinary cases of equity cognizance courts of general jurisdiction, must, we think, as to these special proceedings, be considered as courts of special and limited jurisdiction, and no presumption of jurisdiction should be indulged as in suits at common law, or ordinary suits in equity, in courts of general jurisdiction. All the necessary facts to confer jurisdiction must therefore affirmatively appear upon the record. See *Denning v. Corwin*, 11 *Wend.* 647; *Foot v. Stevens*, 17 *Wend.* 488, *remarks of Cowen Judge upon case last cited; Gallatian v. Cunningham*, 8 *Cow.* 370, *per Woodworth J.; Thatcher v. Powell*, 6 *Wheat.* 119; *Shivers v. Wilson*, 5 *Har. & John.* 130; *Eastman v. Jones*, 2 *Yerg.* 493. I am aware there have been some decisions to the contrary; but as to special proceedings to acquire jurisdiction over non-residents, without actual notice, I think this the only safe rule.

But it is insisted by the counsel for defendants in error, that the recital in the order that such an affidavit had been presented, is sufficient evidence of the fact till the contrary appears. We have already shown that, upon the hypothesis that such an affidavit was made, it must, in the absence of all proof to the contrary, be presumed to form part of the record; and, this being so, the failure of defendants to offer it, and their reliance upon the secondary evidence furnished by the recital, warrants the inference that if produced it would not have been found sufficient to warrant the proceedings. And if not found of record, where it naturally belongs, as the very foundation of all the proceedings, its absence, unexplained, would authorize

quite as strong an inference against the existence of a sufficient affidavit, as the recital of the master would warrant in its favor. We have not, upon careful consideration, been able to discover any principle upon which the recital of this preliminary jurisdictional fact can be received as evidence of it. Without the previous existence of the affidavit no order could be made which would be evidence of any thing. To make the order evidence of the affidavit, is, then, merely to assume the prior existence of the affidavit which alone could make the order evidence of it. This would be reasoning in a circle. It can not require the aid of authorities to prove that such reasoning is fallacious; assuming the very fact to be proved; nor could any amount of authority render it sound. See however, *Green's heirs v. Breckenridge's heirs*, 4 *T. B. Monr.* 544; *Peers v. Carter's heirs*, 4 *Litt.* 228; *Hartley v. Bloodgood*, 16 *Ala.* 233; *Hanson v. Patterson*, 17 *Ibid.* 738; *Randall v. Songer*, 16 *Ill.* 27; *Boyland v. Boyland*, 18 *Ill.* 551. It is true these are cases in which the question arose in the same cause in an appellate Court. But we think as to facts necessary to confer jurisdiction over non-resident defendants, when no actual notice has been given, and they have not appeared, the same rule should apply.

We think, therefore, as no jurisdiction of the Circuit Court in Chancery was shown as to Child or Whitehouse, the proceedings in that case were erroneously allowed to go to the jury; that the Court on the trial of the eject-ment ought to have charged the jury (as requested by plaintiff's counsel) that no jurisdiction was shown. 'The judgment should be reversed, with costs. We do not deem it necessary to pass upon the other questions raised in the case, many of which may not again arise, and others may be presented in a different form. The judgment should be reversed, and a new trial granted.

MANNING and CAMPBELL JJ. concurred.

MARTIN CH. J.:

I concur with my brethren that the judgment should be reversed and a new trial granted. But I concur in the result, for the reason that I think the bill in the suit in Chancery between Goodhue and Child, Whitehouse and others, was insufficient to make Whitehouse a party, and because the right and title of Whitehouse was not determined by the decree. His interest was not set out as required by the statute, and the master reported that he had none, when in fact he had the whole of Child's title, by a deed duly recorded. The decree therefore virtually dismissed the bill as to him; at any rate, it made no partition or disposition of his interest.

As to Child, I think the decree would be binding if he had any interest; for the proceeding for partition was within the general jurisdiction of the Court, and the order of publication was regularly made. If we hold that this is a special proceeding, or that every jurisdictional fact must be affirmatively shown, we shall strip the Court of most of its general jurisdiction. Every presumption is to be made in favor of the regularity of proceedings in partition cases as in others; and the recitals in the orders of the Court are to be taken as true.

This rule, I think, applies to the order of the Injunction Master in this case. I have no doubt of his authority, nor that his act was the act of the Court.

The offer of the defendants to show the proceedings and decree in the Chancery suit, although perhaps irregular, was not error, for it appears that the enrollment, so far as affected the rights of the litigating parties, and probably the whole, was given in evidence. The mode and order in which evidence is given, although they may be irregular, are not ground of error, if all be introduced which the law requires. I think also that the evidence of Gould and others, tending to show that the deed to Whitehouse

was intended as a mortgage, was improperly received. My reasons for this opinion may be found in *Fuller v. Parish,* 3 *Mich.* 311, and will be more fully expressed in another case.

*Judgment reversed.*