EMMA E. HILL, *Complainant*, VS. THOMAS B HILL, *Defendant*.

In proceedings under § 3534 *Comp. Laws* against absent, concealed and non-resident defendants, an order for publication requiring the defendant to appear within *two months* thereafter, is not a compliance with the statute, and gives the Court no jurisdiction over him. In no case can an order require such a defendant to appear within less than *three months*.

*St. Joseph Circuit, in Chancery, March 21, 1870.*

This was a bill for divorce, filed by the complainant against the defendant, who was claimed to be a non-resident, and who was not served with process. An order had been made in the case by a Circuit Court Commissioner, on affidavit, showing the residence of the defendant in another State, requiring him to appear and answer the bill within *two months* from the date of the order.

Subsequently, on filing due proof of the publication of the order, an order was entered taking the bill as confessed, and referring it to a Commissioner to take proof of the facts and circumstances stated in the bill. Proofs having been taken and report made by the Commissioner, the complainant's solicitors thereupon applied for a decree. The defendant did not appear.

*Mason & Melendy*, Complainant's Solicitors.

*By the Court*, UPSON, J.—The jurisdiction of this Court, over the person of the defendant in this suit, (he being a non-resident and not personally served with process,) if acquired at all, must be in the manner pointed out by the statute, and if not so acquired there is no power in the Court to proceed to a

valid decree against him. There are three sub-divisions of section 3534 *Comp. Laws*, under which the time, in which an absent, concealed or non-resident defendant in chancery may be required to appear and answer the bill, is regulated and specified. 1st. In case he is a resident of this State, within three months from the date of the order· 2d, If a resident of some other of the United States or a Territory thereof, or of the Province of Canada, within a period not exceeding six months from its date. 3d. If a resident of any other State or country, within a period not exceeding nine months from its date. In the first instance, then, where he is a resident of ·the State, he is required to appear and ·answer within three months; and the statute only authorizes the making of an order for his appearance within that time.

In such a case the language of the statute is imperative, and no less time can be fixed by the Court, by its express terms. In the other cases provided for in the section, the time may be extended within the limits specified, but it cannot be restricted.

To say that in the other cases a defendant may be required to appear and answer within two months or any less time than three months, would be to hold that a non-resident may be required to appear and answer sooner than a resident, and lead to the absurd conclusion that the more distant a man lives from the State, the sooner he may be required to appear and answer.

The statute does not admit of such an unjust as well as absurd construction, but contemplates an extension instead of a restriction of the time for the defendant to appear and answer in such cases, and has made provision accordingly.

The second sub-division of section 3534 *C. L.*, should be construed as to the time therein prescribed, as if it read " within a period not less than three months and not exceeding six months," and the third sub-division as if it read " within a period not less than six months and not exceeding nine months."

In reviewing the proceedings in a suit under a somewhat similar statute as to defendants not served with process, § 4626 *C. L.*, the Supreme Court of this State says : " Without the affidavit no order could be made, and without the order the Court could have acquired no jurisdiction as to Whitehouse

and child, and all the proceedings as to them must be void."
*Piatt vs. Stewart,* 10 *Mich.* 260.   In the same case the Court
also held that the recital of an affidavit in the order for appear-
ance was no evidence that such affidavit was made, and no
affidavit being given in evidence that the Court obtained no
jurisdiction of the person of the said defendants, and that as to
them the proceedings were void.   A similar result must follow
from a defective or insufficient order for appearance, which
does not comply with the statute.   In this case, therefore, the
Court has acquired no jurisdiction of the person of the defend-
ant, and is not authorized to proceed to a decree against him.