## JOSEPH SCOTT *vs.* HENRY STEARNS.

The authority to tax being regulated by statute, the law must be strictly followed.

Where an assessment roll can not be found in the office of the Supervisor, it is *prima facie* evidence that it never existed.

If the Overseer of Highways neglects to return to the Supervisor, *under oath,* the list of non-resident lands in his district, with amount of labor assessed thereon, and showing that the labor has not been performed or paid, the Supervisor has no authority to spread a tax upon the roll against the land.—Presumption if not found in the Supervisor's office.

Assessment roll not signed, invalid.

There is no statute making tax deeds for tax of 1840, *prima facie* evidence of regularity of proceedings prior to execution of the deed. A paper purporting to be an assessment roll for 1840, signed only by the Clerk, did not authorize the collection of the taxes mentioned in the roll.

The certificate attached to the roll must conform to the statute.

*Excessive Tax—Betterments.*

*Kalamazoo Circuit, May,* 1871.

*Arthur Brown*, Attorney for Plaintiff.

*Breese & Grosvenor*, Attorneys for Defendant.

*Charge of the Court,* BROWN, J.— *Gentlemen of the Jury :* Plaintiff seeks to recover possession of E. ½ of E. ½ of S. W. ¼ of Sec. 5, T. 1 S., R. 12 W., in Kalamazoo County. Defendant admits possession. Plaintiff to show title has introduced :

1.   A *Patent* from the United States to Rufus Sheldon, of date May 1, 1839.

2.   A conveyance from Rufus Sheldon and wife to Wm. Alcott, dated September 21, 1870.

3.   A conveyance from Wm. Alcottt and wife to Joseph Scott.

These conveyances appearing in due form of law, I advise you that plaintiff is entitled to your verdict for possession of the premises in question, unless it has been made to appear that he has been divested of his title.   For the purpose of proving that, the defendant's counsel have introduced in evidence the following conveyances of the same land made, it is alleged, upon sales of the land for the non-payment of the taxes assessed thereon:

1.   Auditor General to Chauncey Pratt, October 20, 1842, for tax of 1838.

2.   Auditor General to Chauncey Pratt, April 10, 1844, for tax of 1839.

3.   Auditor General to Chauncey Pratt, November 18, 1844, for tax of 1840

4.   Auditor General to Chauncey Pratt, December 23, 1846, for tax of 1841.

5.   Auditor General to Chauncey Pratt, December 23, 1846, for tax of 1842.

6.   Auditor General to Chauncey Pratt, December 23, 1846, for tax of 1843.

7.   Auditor General to Chauncey Pratt, December 30, 1847, for tax of 1844.

8.   Auditor General to Chauncey Pratt, November 11, 1848, for tax of 1845.

9.   Auditor General to Channcey Pratt, November 19, 1849, for tax of 1846.

10.   Auditor General to Chauncey Pratt, January 18, 1851, for tax of 1847.

11.   Auditor General to Chauncey Pratt, November 20, 1850, for tax of 1848.

12.   Auditor General to Chauncey Pratt, January 17, 1863, for tax of 1857.

The defendant has also introduced in evidence a land contract, of date Sept. 8th, 1863, by which it appears that Pratt agreed to

SCOTT *vs.* STEARNS.

sell the land to one Emory D. Rubert. This contract appears to have been assigned to the defendant; also a deed from Nelson Noble and James R. Pratt, to the defendant, bearing date January 12, 1870. Noble and Pratt describe themselves in the deed as the executors of the estate of Chauncey Pratt. It is admitted that at that date, January 12, 1870, Chauncey Pratt was dead, and that Noble and James R. Pratt were his executors in the State of New York. But as there is no evidence as to their authority to act in this State, or to sell the lands in question, I advise you to disregard the deed made by them to the defendant.

The plaintiff insists that the several tax deeds are invalid by reason of certain irregularities in the proceedings preceding the sale of the lands by the County Treasurer. The interests of the State require that burdens should be imposed upon the property of its citizens, burdens to support the government, and enable it to protect the property and persons of such citizens. To compel contributions for this purpose, the Legislature have prescribed certain rules, and have provided that unless the taxes levied upon the lands are paid, they shall be a lien thereon and that unless paid, such lands, or so much thereof as shall be necessary to pay the tax and costs of sale shall be sold. In order, however, to divest the owner of such lands of his title it is necessary that the provisions of the law should be followed. The title of the purchaser at a tax sale is derived not from the ordinary conveyance of the owner, but by the law as prescribed by the Legislature, and if these are disregarded, no title passes. The authority to tax being regulated by statute, the exercise of such authority must be in strict conformity to the law. If the law is not complied with, in the assessment and levy of the tax upon the land, the owner is not bound to pay the tax; and hence a sale of his land on account of his refusal or neglect to pay the tax would be unauthorized and void.

Where a person claims title under a sale or sales made for the non-payment of taxes, he must show, unless by some provision of law such showing is dispensed with, that every step required by law for the assessment and levy of the tax and sale of the land has been complied with. By the statute of 1843, deeds made by the Auditor General, upon sales made for the non-payment of taxes, are made *prima facie* evidence of the regularity

of all the proceedings required to be had to warrant a sale.—
Hence the Auditor General's deeds to Pratt made upon the sale
of the lands for delinquent taxes affected by that law must
be taken as evidence of title in Pratt, unless some defect or ir-
regularity be shown, such as I shall soon refer to.   And I advise
you that the plaintiff must show some substantial error affect-
ing injuriously the owner of the land, in the case of each deed,
except the deed of 1842 for the taxes of 1838, or he cannot re-
cover.   But if defects are shown which go to the jurisdiction
of the officers who are charged with the collection of the taxes
and sale of the land, the sale would be invalid.   It therefore
follows that any void tax entering into and forming a part of
the consideration of a tax deed, vitiates the whole tax and ren-
ders void the deed.   Our own Supreme Court have held that
the law presumes " officers entrusted with custody of public files
and records, will perform their official duty by keeping them
safely in their offices.   Where a paper is not found, where if in
existence it ought to be deposited or recorded the presumption
arises that no such paper has ever been in existence."   10
*Mich.*, 260 ; 16 *Mich.*, 139.

Our statutes require that assessment rolls shall be kept by
the Supervisors of the several townships, in their office, and
when the roll for a particular year is not found there, the pre-
sumption arises that such roll never existed.

A statute passed in 1844, and still in force, requires the
Overseers of Highways on or before the first Monday of Octo-
ber, in each year, to make and return to the Supervisor, " a list
of all the lands of non-residents and of persons unknown which
are taxed on his list, upon which the labor assessed has not
been paid, and the amount of labor unpaid ; and said Overseer
shall make and subscribe an affidavit thereon before some per-
son competent to administer oaths, or before the Supervisor,
that the labor assessed upon the lands as returned has not been
performed and remains unpaid."   .

If this affidavit and return is not made, the Supervisor has no
jurisdiction to spread a highway tax—and if without such return
a highway tax is spread on the lands, the tax deed for that
year is void.   If such return is not now found in the office of

the Supervisor, the law presumes it never to have existed.— Therefore if the jury find that there is now no such return and affidavit in the office of the Supervisor, for the years 1844 to 1848, inclusive—highway taxes having been charged against the lands for those years—the law presumes the tax-titles for those years void, in the absence of any evidence showing that such returns were made.

The tax-deed for the year 1838, offered in evidence, the sale being made in October, 1842, would not be *prima facie* evidence of the regularity of the tax or of title in the defendant; and in the absence of any evidence tending to show the regularity of such proceedings, you are to disregard the tax-title for that year.

The assessment roll offered in evidence by defendant for the year 1839, without certificate or signature, would render such roll illegal, and the tax for that year void.

There is no statute making the tax-deed of 1840 *prima facie* evidence of title, or of the regularity of the proceedings.

The document offered in evidence on the part of defendant, and called the " assessment of taxes for 1840" being signed only by the Town Clerk, would not authorize the levy or collection of any tax for that year; and if that be the only assessment roll for Alamo for 1840, the tax-deed for that year would be void.

For the years 1842 and 1843, the Supervisor swears he can find no assessment roll in his office. This is *prima facie* evidence that none ever existed, and that the tax-titles for those years are void

In 1844, 1845, 1846 and 1848, the certificate of Supervisors and Assessors attached to the several rolls given in evidence, in following the form prescribed by statute, omit the words in regard to personal property, " Except in those cases where the value of the same has been sworn to by the owner, his agent or attorney." Where the statute prescribes the form of a certificate, it must be literally followed; and the departure from the correct form in these cases render it fatally defective, and the assessment of taxes for those years void. *Sess. Law;* 1843. p. 67, Sec. 19; *Rev. Stat.* 1846, p. 105, Sec. 21.

The calculations given in evidence by the Clerk of this Court, for the year 1842, would, (if you believe his testimony,) show the County, Town and State tax, to be $0 42, on the basis taken by him, whereas $1 04 has been assessed. This excess would vitiate the tax if the data taken by him were correct, as given in evidence by town and county records.

The defendant has filed a claim for betterments under § § 4603 and 4604, C. L., and plaintiff has filed his counter claim under the statute.

The tax for the year 1840, for State and county purposes was five mills. There is evidence tending to show that no town tax was voted for that year. If this be true, the tax levied on a valuation of $240 would be $1 20. The tax actually levied is $1 92. This excess would avoid the tax for that year.

The tax levied for the year 1843, is $0 45; the calculations made by the Clerk would show the correct tax to be $0 33.— If these calculations are correct and based upon the amount actually voted for town, county and State tax, this excess would avoid the tax and tax-title for that year.

The return of the Overseer of Highways to the Supervisor, offered in evidence, would not authorize the levying and collecting of any tax for that year; and as it appears that a highway tax was levied, and for the non-payment of which the land was sold, the tax-title for that year would be void.

If from the facts in this case you find, upon applying to them the law as given you by the Court, the plaintiff entitled to recover, or those under whom he holds, and that the defendant claiming title by virtue of a sale made for the non-payment of taxes, made improvements, you will then enquire how much more valuable the premises are by reason of the improvements on the premises, made by the defendant or those under whom he claims title.

If you find the land more valuable by reason of these improvements than it would have been had the defendant and those under whom he claims title left it in a state of nature, such increased value should be allowed to the defendant, and the amount in such case should be specified in your verdict; and you may also find what would have been the value of the premises had no improvements been made.