(153 App. Div. 153.)

RINEHART v. HASCO BLDG. CO. et al.

(Supreme Court, Appellate Division, First Department.  November 15, 1912.)

1. PARTIES (§ 76*)—CAPACITY TO SUE—DEMURRER—EFFECT.
     A demurrer on the ground that the plaintiff has not legal capacity to
     sue merely raises the question of whether, in the form in which the suit
     is brought, it appears by the complaint that the plaintiff has such
     capacity, and not the question of the sufficiency of the complaint to state
     a cause of action.
     [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec.
     Dig. § 76.*]

2. PARTITION (§ 53*)—RECEIVERS—ACTION FOR TRESPASS—DEMURRER—DEFECT
   OF PARTIES.
     A complaint in a receiver's action for damages from an unlawful
     trespass, causing permanent injury to the freehold, and not merely to his
     position as receiver in partition, was not demurrable, on the ground that
     there was a defect of parties plaintiff, in that the tenants in common of
     the property were not joined as parties plaintiff.
     [Ed. Note.—For other cases, see Partition, Cent. Dig. § 147; Dec. Dig.
     § 53.*]

3. PARTITION (§ 53*)—RECEIVERS—ACTION FOR TRESPASS—COMPLAINT—SUF-
   FICIENCY.
     Where the complaint in an action for unlawful trespass, brought by a
     statutory receiver in partition, did not set forth, even in substance, the
     order appointing him receiver, nor the order authorizing him to bring the
     action, it was demurrable on the ground that it failed to state a cause
     of action.
     [Ed. Note.—For other cases, see Partition, Cent. Dig. § 147; Dec. Dig.
     § 53.*]

4. PARTITION (§ 53*)—RECEIVER—POWERS—TITLE TO PROPERTY.
     A statutory receiver, appointed to take charge of real property and
     preserve the same, and to collect and hold the rents, issues, and profits,
     during the pendency of an action in partition, does not take title.
     [Ed. Note.—For other cases, see Partition, Cent. Dig. § 147; Dec. Dig.
     § 53.*]

     Scott and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.
Action by John B. G. Rinehart, receiver of the estate of Caroline
Barry, against the Hasco Building Company and others.  From an
order denying plaintiff's motion for judgment on the pleadings, and
granting defendant's cross-motion for like relief, and from a judg-
ment sustaining demurrers to the amended complaint, and dismissing
same, with costs, plaintiff appeals.  Affirmed.
Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Dix W. Noel, of New York City, for appellant.
Carl S. Flanders, of New York City, for respondents.

LAUGHLIN, J.  The plaintiff alleges that by an order duly made
on the 16th day of October, 1909, in a certain partition action pending
in the Supreme Court of this state, he "was appointed receiver by
this court of certain property of Caroline Barry, deceased, which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said property included the lot and four-story brick house known and described as 'Number Forty-one (41) West Sixteenth Street,' city and county of New York," and duly qualified as such receiver, and entered upon and assumed possession and control of said premises; that the defendant company, and the individual defendants, who are two of its directors and officers, in the months of September and October, 1911, excavated its premises adjoining those of which the plaintiff was appointed the receiver, to a depth of more than 10 feet below the curb, without taking any steps to support the wall of the building, in the possession of the plaintiff as such receiver, by a proper foundation or retaining wall, as required by the provisions of section 22 of the Building Code, the provisions of which are set forth, and conducted building operations thereon; and that in consequence thereof the wall of said building No. 41 West Sixteenth street "thereafter settled, and became greatly weakened, cracked, warped, and injured, and said building damaged in the walls, partitions, floors, and other portions thereof, to the plaintiff's damage in the sum of $10,000"— and plaintiff demands judgment for that amount. The defendant company and the individual defendants demurred to the complaint separately, on the grounds: First, that plaintiff has not legal capacity to sue; second, that there is a defect of parties plaintiff, in that the tenants in common of the property are not joined as parties plaintiff; and, third, that it does not state facts sufficient to constitute a cause of action.

[1] The first and second grounds of demurrer are frivolous. It does not appear on the face of the complaint that the plaintiff has not legal capacity to sue. He not only alleges his appointment as receiver, but alleges that the court authorized him to bring the action. It is now well settled that the *sufficiency of the complaint* is not presented by this form of demurrer, and that it only raises the question as to whether, in the form in which the suit is brought, it appears by the complaint that the plaintiff had capacity to sue. Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790; Ullman v. Cameron, 186 N. Y. 339, 78 N. E. 1074, 116 Am. St. Rep. 553; Cohen v. American Surety Co., 123 App. Div. 519, 108 N. Y. Supp. 385, affirmed 192 N. Y. 227, 84 N. E. 947; Leggett v. Stevens, 77 App. Div. 612, 79 N. Y. Supp. 289. Here the plaintiff was duly appointed receiver, and duly authorized to sue, and therefore he had *capacity* to sue, even though he did not have a cause of action.

[2] The cause of action is not for damages to the possession of the receiver, but for the permanent injury to the freehold. The receiver can maintain the action alone, or he cannot maintain it with the tenants in common. If the cause of action is vested in him, he can maintain it in his capacity as receiver; but if it is vested in the heirs, it cannot be said that there is a defect of parties plaintiff, when there is no party plaintiff before the court having a standing to maintain the action, or who could join others in maintaining it.

[3] I am of opinion, however, that the third ground of demurrer is well taken. The plaintiff neither sets forth the order appointing him receiver, nor the order authorizing him to bring the action, nor

does he allege the substance of either. The only statutory provision, to which our attention has been drawn, specially authorizing the appointment of a receiver in a partition action, is section 1869 of the Code of Civil Procedure, which provides that where the *estate* of a decedent has been brought under the jurisdiction of the Supreme Court, by an action for partition, or distribution, or for the construction or establishment of a will, and the sole surviving executor has died, the court may appoint a receiver of the *estate* pending the action, and that:

"For the purpose of carrying into effect the judgment and orders of the court, in relation to the estate, a receiver so appointed is the successor in interest of the surviving executor, and has, subject to the direction of the court, like power, as an administrator with the will annexed."

The complaint contains no allegation tending to show that this receivership arose by virtue of the provisions of that section, and no such claim is made, and it is not contended that such a receiver would take title to real estate. It is, therefore, unnecessary to consider the authority which a receiver appointed pursuant to the provisions of said section 1869 would possess.

[4] It is to be presumed, from the general allegations of the complaint, that the plaintiff was appointed to take charge of the real property and preserve the same, and to collect and hold the rents, issues, and profits, during the pendency of the action. Those are the powers of a chancery or common-law receiver, as distinguished from a statutory receiver, and such a receiver does not take title. Decker v. Gardner, 124 N. Y. 335, 26 N. E. 814, 11 L. R. A. 480; U. S. Trust Co. v. N. Y. W. S. & B. R. R. Co., 101 N. Y. 478, 5 N. E. 316; Wyckoff v. Scofield, 103 N. Y. 630, 9 N. E. 498; Keeney v. Home Ins. Co., 71 N. Y. 396, 27 Am. Rep. 60; Stokes v. Hoffman House, 167 N. Y. 554, 60 N. E. 667, 53 L. R. A. 870; Weeks et al. v. Weeks et al., 106 N. Y. 626, 13 N. E. 96.

In Keeney v. Home Ins. Co., supra, where the question presented for decision was whether the appointment of a receiver in an action for the dissolution of a copartnership effected a change of ownership of the property, the court, holding that it did not, defined the powers of such a receiver, and stated the effect of his appointment upon the title to the property, as follows:

"A receiver pendente lite is a person appointed to take charge of the fund or property to which the receivership extends while the case remains undecided. The title to the property is not changed by the appointment. The receiver acquires no title, but only the right of possession as the officer of the court. The title remains in those in whom it was vested when the appointment was made. The object of the appointment is to secure the property pending the litigation, so that it may be appropriated in accordance with the rights of the parties, as they may be determined by the judgment in the action [citing authorities]. The appointment of the plaintiff as receiver, therefore, wrought no change in the title of the property."

That decision was cited and followed on this point in Stokes v. Hoffman House of New York, supra, and the same rule was in effect declared in Weeks et al. v. Weeks et al., supra, which was a parti-

tion action. In the latter case the court stated the object of the receivership, as follows:

"The main object of the receivership was to secure the renting and care of the premises pending the litigation, for the benefit of the parties who should be adjudged to be vested with the legal title to the property. The order, therefore, authorized the receiver to lease the premises, or any part thereof, for a term not exceeding three years from May 1, 1883. * * * There can be no doubt, having in view the object of such receivership, which is to take the care and custody of the property and administer it during the litigation, and to hold it to answer the final judgment in the action, that a lease beyond the customary term, according to the nature of the demised property, which might extend beyond the termination of the litigation, would be an unjustifiable exercise of judicial discretion. * * * When such property is in the hands of a receiver pendente lite, and the termination of the suit is uncertain, it would often result in great loss if the court had no power to authorize a lease for the customary term, except upon the consent of all the parties interested. The receiver is the officer of the court. In virtue of its general jurisdiction the court in a proper case assumes for the time being the care and custody of the property. The receiver represents all interests and under the direction of the court manages the property for the benefit of all concerned."

By chapter 112 of the Laws of 1845, receivers and committees of lunatics and habitual drunkards, appointed by order or decree of the court of chancery, were authorized to "sue in their own names, for any debt, claim or demand transferred to them, or to the possession and control of which they are entitled as such receiver or committee." The purpose of this enactment was, as stated by Cullen, J., in Stokes v. Hoffman House of New York, supra, 167 N. Y. 560, 60 N. E. 667, 53 L. R. A. 870, to enable such receivers and committees, who were *without title*, to maintain such actions. The court could doubtless have authorized the receiver to bring an action to recover damages for interference with his possession. Such an action by a receiver in foreclosure was sustained in Farnsworth v. Western Union Tel. Co., 6 N. Y. Supp. 735. The court doubtless might have authorized the receiver to sue to enjoin wrongful interference with his possession before he suffered damages; but this action is in no manner based upon interference with or damages to the possession of the receiver. It is to recover damages for the injury to the freehold.

The learned counsel for the appellant relies on section 716 of the Code of Civil Procedure, which provides as follows:

"A receiver, appointed by or pursuant to an order or a judgment, in an action in the supreme court, or a county court, may take and hold real property upon such trusts and for such purposes as the court directs, subject to the direction of the court, from time to time, respecting the disposition thereof."

He contends that the receiver took the real estate upon an express trust, which, by virtue of section 449 of the Code of Civil Procedure, would authorize him to maintain any action, for injunctive or other relief, for interference with the property, and to recover any damages to which it is subjected during the receivership. I am of opinion that the provisions of these sections do not aid the appellant. There are, of course, many statutory receiverships, in which the receiver takes the title to the property; but, for the reasons already assigned, such is not this case. It is not necessary to express an opinion as to wheth-

er or not there was an ·express trust to the extent of the receiver's authority, for it would not, in any event, extend to the damages to the freehold.

It follows that the order and judgment should be affirmed, with costs.

INGRAHAM, P. J., and McLAUGHLIN, J., concur.

SCOTT, J. (dissenting). The only question in this case is whether an equity receiver, appointed in an action for the partition of real property, may maintain an action for damages to the real estate resulting from an unlawful trespass. I think he may. In appointing the receiver, the court took the property in custodia legis, and the receiver is the arm of the court. He is also, I think, the trustee of an express trust within the meaning of section 449, Code Civil Procedure, and as such may sue without joining with him the owners of the property, who are the persons for whose benefit the action is brought. Donnelly v. West, 17 Hun, 564. I think that it is inaccurate to say, as was intimated by the court at Special Term, that a receiver in partition is merely a receiver of ·the rents and profits, for it does not appear that his receivership was so limited. Section 716, Code Civil Procedure provides that:

"A· receiver appointed by or pursuant to an order or judgment in an action in the Supreme Court or a County Court may take and hold real property upon such trusts and for such purposes as the court directs, subject to the discretion of the court from time to time, respecting the disposition thereof."

This invests him at least with the right to possession, and although in a case like the present the actual title does not pass out of the owners, the receiver does possess, in a certain sense, an ownership at least sufficient to entitle him to hold the property, to protect it from injury, and to collect the rents and profits. Iddings v. Buren, 4 Sandf. Ch. 417; Henning v. Raymond, 35 Minn. 303, 29 N. W. 132. The injury which the defendants are charged with inflicting upon the property was a direct invasion of the receiver's right of possession. No one, I suppose, would doubt that a receiver, appointed to hold property pending a litigation as to its true ownership, would be justified in asking the court to enjoin an act which threatened to destroy ·or seriously injure the property committed to his custody. The same reason which would justify such· an action would seem to be sufficient to sustain an action for damages for the injury caused by the act which, if apprehended in time, would have furnished grounds for an injunction. It seems to me that it must be that the court may collect damages for injury done the property while in custodia legis, and, if it may, its receiver is the proper person to collect the damages, which he will hold for the benefit of the true owners, and subject to the disposition of the court.

In my opinion, the judgment appealed from should be reversed, and the demúrrers overruled, with costs, with leave to defendants to withdraw their demurrers and answer over, upon payment of costs in this court and the court below.

CLARKE, J., concurs.