FRANCIS v. FORD MOTOR CO.

1. PARTITION—PROCEEDINGS STATUTORY—ABSENT PARTIES BOUND.
Partition proceedings are statutory and do not come within the general or ordinary jurisdiction of courts of chancery, but when the requirements of the statute (3 Comp. Laws 1915, § 13258 *et seq.*) have been strictly complied with, absent parties are bound thereby.

2. SAME—STATUTE FOR QUIETING TITLE NOT APPLICABLE TO PARTITION PROCEEDINGS.
The statute providing for quieting title (3 Comp. Laws

1915, § 12376), which permits a person not personally
served with process to petition for leave to defend at any
time within three years after decree is made, has no ap-
plication to partition proceedings under 3 Comp. Laws
1915, § 13258 *et seq.*, which is a chapter complete in itself
and relates to but the one subject of partition.

Case-made from Wayne; Smith (Guy E.), J., pre-
siding. Submitted May 2, 1928. (Docket No. 180,
Calendar No. 33,744.) Decided June 4, 1928.

Assumpsit by James Francis against the Ford Motor
Company for the purchase price of an interest in land.
Judgment for plaintiff. Defendant appeals. Af-
firmed.

*Clifford B. Longley* and *Wallace R. Middleton,* for
appellant.

*James Francis, in pro. per.*

SHARPE, J. The question here presented is whether
section 12376, 3 Comp. Laws 1915, which permits a
person not personally served with process to petition
for leave to defend at any time within three years
after a decree is made in a proceeding to quiet title
under the act providing therefor in cases of "unknown
heirs, devisees, legatees and assigns," is applicable to
proceedings in partition under chapter 31 (§ 13258
*et seq.*).

This chapter is complete in itself, and relates to
but one subject, "the partition of lands owned by
several persons." Section 13268 reads as follows:

"If any parties having an interest in such lands are
unknown, or if either of the known parties reside out
of this State, or cannot be found therein, the same
proceedings shall be had as in other chancery cases
under like circumstances: *Provided, however,* That
the order of publication shall contain a sufficient
description of the premises whereof partition is sought,

in addition to the other matters required by law to appear in such order."

There is provision for publication, and appointment of guardians. Section 13275 provides that if some of the parties have not appeared and partition may be had, it shall not affect the interests of such persons. If, however, the lands are so situate that partition may not be had "without great prejudice to the owners," a sale may be ordered (§ 13287), and after sale and report thereof, if the same be "approved and confirmed by the court," the commissioner shall be directed to execute conveyances to the purchasers (§ 13309). Section 13310 reads as follows:

"Such conveyances so executed shall be recorded in the county where the premises are situated; and shall be a bar, both in law and equity, against all persons interested in any way, who shall have been named as parties in the said proceedings, and against all such parties as were unknown, if notice of the order to appear and answer shall have been given by such publication or service of notice as is hereinbefore directed; and against all other persons claiming from such parties, or either of them."

The regularity of the proceedings here taken for partition is in no way attacked. The parties not personally served owned a 6/23 interest in the lands. No appeal from the decree having been taken, the conveyance made after sale and confirmation is now "a bar, both in law and equity" against them and against "all other persons claiming from such parties, or either of them." Partition proceedings are statutory. They do not come within the general or ordinary jurisdiction of courts of chancery, but when the requirements have been strictly complied with, as it appears that they have been in this case, absent parties are bound thereby. *Platt* v. *Stewart,* 10 Mich. 260, 264.

In our opinion, the statute providing for quieting· title has no application to such a proceeding. Under

it no sale is had or title acquired under decree of the court, and the rights of purchasers thereunder are not involved.

It is conceded that if this statute does not apply, the plaintiff was entitled to recover the amount fixed in the judgment rendered.    It is, therefore, affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.