SHAW *v.* AUGUST.

1. PARTITION—STATUTES.
    Partition proceedings are statutory and not within the general or ordinary jurisdiction of courts of chancery.

2. SAME—RECEIVERS—VOID DISCHARGE OF LEASE.
    Order requiring receiver in partition proceedings appointed pursuant to 3 Comp. Laws 1929, § 15078, to discharge lease upon payment of certain sum *held,* void.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted February 7, 1934. (Calendar No. 37,098.) Decided April 3, 1934.

Bill by Saul Shaw and wife against Sol O. August and others for partition and petition by plaintiffs for appointment of receiver. From order requiring receiver to discharge lease, defendant August appeals. Reversed.

*Samuel Shimans (John Sklar,* of counsel), for appellant.

*Samuel J. Rhodes,* for appellee receiver.

POTTER, J. Saul Shaw and Sol O. August, in November, 1923, purchased on land contract real estate in Detroit for $15,000, upon which contract there is still due $5,729.69. When purchased there was a house on the premises which was removed and a gasoline oil station and garage placed thereon. The garage was leased to Saul Shaw for $200 a month. The gasoline station was leased January 3, 1929, to the Cadillac Petroleum Company for 15 years, for $200 a month for the first two years, $225 a month for the next eight years and $250 a month for the next five years, making a total rental of $41,400. The Cadillac Petroleum Company assigned its lease to the Paragon Refining Company. In addition, part of the premises was occupied by one Dale Tressler at $50 a month. A dispute arose between the vendees under the land contract and Sol O. August filed suit for an accounting and obtained a decree against Saul Shaw and Dora Shaw for $1,216.18. Subsequently, May 7, 1932, plaintiffs Saul Shaw and Dora Shaw filed a bill for partition and a petition for a receiver. Defendant Aronsson, a mortgagee of plaintiffs' interests, was appointed receiver. September 22, 1932, the receiver instituted suit against the Paragon Refining Company and others. There had been negotiations for settlement by the holders of the lease of the gasoline station. The oil companies increased a pending offer of settlement of $11,000 to $15,000, which they agreed to pay to be released from liability on their lease of the premises which they had assumed. The interest of the defendant August is mortgaged to Harry

Greenberg. The bill of complaint is filed for partition of the vendee's interests in the land contract. By the order of the court, the receiver was directed to accept the offer of the oil companies for $15,000 to be released from liability upon the lease which they assumed. It is from this order authorizing the receiver to make this settlement that defendant August appeals.

At early common law the right of compulsory partition existed only in cases of coparcenary. Coke upon Littleton, § 264; 4 Pomeroy's Equity Jurisprudence, § 1386. The remedy was afterwards extended by statute to joint tenancies and tenancies in common. 4 Pomeroy's Equity Jurisprudence, § 1386. By statutes of 31 Henry VIII, chapter 1, and 32 Henry VIII, chapter 32, the right was extended to joint tenants and tenants in common. These statutes have been generally re-enacted or adopted in the United States and usually with increased facilities for partition. 4 Kent's Commentaries (14th Ed.), 362; 3 Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 2470. The first chapter of the statutes enacted in the 31st year of the reign of Henry VIII, A. D. 1539, provides, after setting up the reasons for permitting partition between tenants in common:

"That all joint tenants and tenants in common, that now be, or hereafter shall be, of any estate or estates of inheritance in their own rights, or in the right of their wives, of any manors, lands, tenements or hereditaments within this realm of England, Wales, or the marches of the same, shall and may be coacted and compelled, by virtue of this present act, to make partition between them of all such manors, lands, tenements and hereditaments as they now hold, or hereafter shall hold as joint tenants or tenants in common, by writ *de participatione*

*facienda,* in that case to be devised in the king our sovereign lord's court of chancery, in like manner and form as coparceners by the common laws of this realm have been and are compellable to do, and the same writ to be pursued at the common law.''

It was in substantially this form the statute was adopted in Michigan, where 3 Comp. Laws 1929, § 14995, provides.

''All persons holding lands as joint tenants or tenants in common, may have partition thereof, in the manner provided in this chapter.''

What may be partitioned under this statute? Obviously nothing but lands held by joint tenants or tenants in common. It is evident the statute does not apply to all estates and interests in lands. It applies only to lands.

''We, however, find no language in this statute which can be construed into a restriction of the well-understood term 'lands.' 'In law, ''land'' signifies any ground forming part of the earth's surface which can be held as individual property, whether soil or rock, or water-covered, and everything annexed to it, whether by nature, as trees, water, etc., or by the hand of man, as buildings, fences, etc.' '' *Connecticut Mutual Life Ins. Co.* v. *Wood,* 115 Mich. 444.

This definition is based upon that contained in the Century Dictionary. Substantially similar definitions are found in Coke upon Littleton, § 1, p. 4a; Black's Law Dictionary (2d Ed.), p. 694; Ballentine's Law Dictionary, p. 723; Anderson's Law Dictionary, p. 594; English's Law Dictionary, p. 485; 2 Pope's Legal Definitions, p. 855; 2 Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 1827.

''The word 'land' both in England and here is a word of art. It is *nomen generalissimum* and in-

cludes, not only the soil, but everything attached to it, whether attached by the course of nature, as trees, herbage, and water, or by the hand of man, as buildings and fences.'' 22 R. C. L. p. 55.

Partition may be maintained by any person who has an estate in possession of the lands of which partition is sought, but not by one who has only an estate therein in remainder or reversion. 3 Comp. Laws 1929, § 14997.

Upon final disposition of a case of partition in this State, commissioners appointed by the court are to divide the real estate and allot the several portions and shares thereof to the respective parties, quality and quantity relatively considered, according to the respective rights and interests of the parties so adjudged and decreed by the court, designating the several shares and portions by posts, stones or other permanent monuments, and they may, if necessary, employ a surveyor with the necessary assistants to aid them. 3 Comp. Laws 1929, § 15017.

It is only when the lands and premises are so situated that they may not be partitioned ''without great prejudice to the owners'' that the court may order the premises sold and the proceeds divided in accordance with the several and respective interests of the parties. 3 Comp. Laws 1929, § 15024.

Plaintiff, in partition, must be the owner of a legal estate in the land sought to be divided, 21 Halsbury's Laws of England, p. 841, § 1575; for the reason the decree vests the legal estate without any conveyance to a particular party and in equity the decree of the chancellor directs the necessary conveyances to be executed. 21 Halsbury's Laws of England, p. 841, § 1575.

For this reason it is necessary, at common law, to have the legal estate before the court in order

that the title may be transferred to each particular parcel, to the person to whom it is awarded, and in equity it is necessary the legal title be before the court in order that the necessary conveyances be ordered. Partition cannot be maintained in the absence of parties plaintiff able to convey a legal estate. 21 Halsbury's Laws of England, p. 841, § 1575.

In *Cartwright* v. *Pultney,* 2 Atk. 380 (26 Eng. Repr. 630), Lord Chancellor Hardwicke held:

"Where a bill is brought in this court to have a partition between two joint tenants, or tenants in common, the plaintiff must show a title in himself to a moiety, * * * because conveyances are directed, and not partition only."

In *Taylor* v. *Grange,* L. R. 13 Ch. Div. 223, Justice Fry said:

"Plaintiffs in this case would have had no right to a partition of the estate under the old common law jurisdiction, for they represent no legal interest in the land: * * * have they any better right in equity? At the hearing no authority could be produced. * * * After a search, I have not been able to find or hear of any authority for such jurisdiction as I am asked to exercise."

See, also, *Miller* v. *Warmington,* 1 Jac. & W. 484 (37 Eng. Repr. 452); *Blackburn* v. *Jepson,* 3 Swan. 132 (36 Eng. Repr. 802); 21 Halsbury's Laws of England, p. 842.

Neither plaintiffs nor defendants have legal title to the premises. The court has no jurisdiction to divide the lands between the parties. They have no legal title. They are vendees under a land contract. They have equitable title only. It is not sought to divide the lands. It is only sought to divide the land contract vendee's equitable interest

therein. The statute does not provide for the partition of lands or any interests therein, but only for the partition of lands held as joint tenants or tenants in common.

Of the partition statute it is said:

"The right to partition is there expressly given to 'all persons holding lands as joint tenants or tenants in common,' subject only to this *restriction,* that the suit can only 'be maintained by a person who has an estate in possession in the lands of which partition is sought, but not by one who has only an estate therein in remainder or reversion.'" *Campau* v. *Campau,* 19 Mich. 116.

An estate in possession "means merely an estate in present enjoyment, and whether occupied by tenants. or entirely unoccupied is equally within the statute." *Eberts* v. *Fisher,* 44 Mich. 551.

"In the absence of statute providing otherwise, only an estate in possession is subject to partition, that is to say, an estate by virtue of which a person is entitled to enjoy the present rents or the possession of the property as one of the cotenants thereof." 47 C. J. p. 298.

Partition deals with land. In order to be entitled to partition of lands one must have title thereto. Title to lands is the means by which one holds them. A land contract confers a right upon the vendee upon performance to get what he has not. A legal estate is necessary to enable one to maintain partition. *McCabe* v. *Hunter's Heirs,* 7 Mo. 355; *Coale* v. *Barney,* 1 Gill. & J. (Md.) 324; *Hopkins* v. *Toel's Heirs,* 4 Humph. (23 Tenn.) 46; *Harris* v. *Reynolds,* 13 Cal. 514 (73 Am. Dec. 600); *Sullivan* v. *Sullivan,* 66 N. Y. 37; *Morse* v. *Morse,* 85 N. Y. 53; *Emeric* v. *Alvarado,* 64 Cal. 529 (2 Pac. 418); *Williams* v. *Wiggand,* 53 Ill. 233; *Ellis* v. *Hill,* 162 Ill. 557 (44 N. E.

858); *Kirk* v. *Kirk,* 325 Ill. 296 (156 N. E. 294); *Clarke* v. *Clarke,* 349 Ill. 642 (183 N. E. 13); 21 Am. & Eng. Ency. of Law (2d Ed.), p. 1156.

In *Kirk* v. *Kirk, supra,* it is said:

"A legal title is necessary to enable the complainant to have partition. An equitable right to a conveyance of an undivided interest is not sufficient. A person having a contract for the conveyance of an undivided interest in land which he has completely performed, cannot have a partition on that title."

In 21 Am. & Eng. Ency. of Law (2d Ed.), p. 1156, it is said:

"One entitled under a contract to conveyance of an undivided interest in land, cannot maintain an action for the partition thereof until he has secured a decree for the specific performance of his contract."

In *Clarke* v. *Clarke, supra,* it is said:

"It is not required that one must have a complete and perfect record title in order to maintain a partition proceeding. The rule is that he must have a legal title as distinguished from an equitable title."

Partition in this State is purely statutory. *Platt* v. *Stewart,* 10 Mich. 260; *Francis* v. *Ford Motor Co.,* 243 Mich. 117.

"The circuit courts in chancery, though in ordinary cases of equity cognizance, courts of general jurisdiction, must, we think, as to these special proceedings, be considered as courts of special and limited jurisdiction, and no presumption of jurisdiction should be indulged as in suits at common law, or ordinary suits in equity, in courts of general jurisdiction." *Platt* v. *Stewart, supra.*

"Partition proceedings are statutory. They do not come within the general or ordinary jurisdiction

of courts of chancery." *Francis* v. *Ford Motor Co.,*
*supra.*

Neither of the vendees under land contract of the
premises in question is entitled to partition. The
court has no jurisdiction to entertain the main case
for partition.

Plaintiffs petitioned for a receiver. One was ap-
pointed by the court.

"Whenever it shall appear that it would be bene-
ficial to any part owner of the premises of which
partition is sought, that the same should be leased
or protected from waste, trespasses, or injury, or
for any other purpose, it shall be competent for the
court to appoint a receiver thereof, with such au-
thority as may be necessary in the premises." 3
Comp. Laws 1929, § 15078.

Receivership "is merely an ancillary, auxiliary,
or provisional remedy, allowable only in, or in con-
nection with, an action pending for some other pur-
pose." 53 C. J. pp. 21, 22.

In order to warrant the appointment of a receiver
it was necessary the court have jurisdiction to grant
final relief in the main case. It had no such jurisdic-
tion and the appointment of a receiver must fall
with the failure of the main case.

The order and decree of the trial court appealed
from directed a cancellation of the lease to the oil
companies and their release from liability thereun-
der upon the payment into court of $15,000. It
awarded all the relief which could be awarded in
the main case. Ordinarily this should not be done.
Decree reversed, with costs.

NELSON SHARPE, C. J., and NORTH and EDWARD M.
SHARPE, JJ., concurred with POTTER, J.

FEAD, J. *(concurring)*. I concur in reversal.

Neither by motion nor answer has defendant appellant challenged the jurisdiction of the court to decree partition. He stipulated that a receiver be appointed. The court ordered the receiver to discharge the lease upon the payment of $15,000 in settlement. This appeal is from the latter order only. I express no opinion upon the jurisdiction of the court to decree partition.

Partition proceedings are statutory and not within the general or ordinary jurisdiction of courts of chancery. *Francis* v. *Ford Motor Co.,* 243 Mich. 117; *Eckhardt* v. *Dompier,* 250 Mich. 91. The action of partition is to divide the property, not to liquidate it. The obligation to conserve the *corpus* of the estate is not upon the court but upon the parties. The stipulation did not empower the court to direct the receiver to discharge the lease. The statute, 3 Comp. Laws 1929, § 15078, authorizing the appointment of a receiver, does not vest him with title to the property. *Weeks* v. *Weeks,* 106 N. Y. 626 (13 N. E. 96); *Rinehart* v. *Hasco Building Co.,* 153 App. Div. 153 (138 N. Y. Supp. 258). The authority of the receiver to conserve the property goes only to the extent of rents and profits from use. If a party is entitled to have the property carved *pendente lite* or part of the capital *corpus* disposed of for his protection he must seek relief in an appropriate proceeding and upon some other ground of equity jurisdiction than partition.

WIEST, BUTZEL, and BUSHNELL, JJ., concurred with FEAD, J.